# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00600-CR

**Jerry Villarreal, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR-12-0514, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Jerry Villarreal of Assault Family Violence Repeat Offender. Punishment, enhanced by two prior felony convictions, was assessed at life in prison. On appeal, appellant asserts that the trial court erred in sustaining the State's objection to a voir dire question posed by defense counsel regarding the criminal standard of proof beyond a reasonable doubt, thereby denying him his constitutional right to be heard in violation of Article 1, Section 10 of the Texas Constitution. We will affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

During voir dire, the judge presiding over appellant's trial sustained the State's objection of "improper commitment" to a question regarding reasonable doubt posed by defense counsel to an individual veniremember. After another sustained objection to a similar iteration of the question, defense counsel proceeded to ask the entire panel of veniremembers row by row if they

could not follow the criminal standard of proof beyond a reasonable doubt as it had been explained to them. No objection was made to this formulation of the question. One of the veniremembers responded by stating that she would not be able to follow the proof-beyond-a-reasonable-doubt standard and was thereafter stricken for cause. At the conclusion of voir dire, following peremptory strikes and strikes for cause, no additional veniremembers remained beyond those needed to seat the jury.

## DISCUSSION

### *Commitment-Question Analysis*

Article 1, Section 10 of the Texas Constitution mandates that "in all criminal prosecutions the accused shall . . . have the right of being heard by himself, or counsel, or both . . . ." Tex. Const. art. 1, § 10. The right to be heard encompasses the right of defense counsel to question prospective jurors in order to intelligently and effectively exercise peremptory challenges and challenges for cause. *Rich v. State*, 160 S.W.3d 575, 580 (Tex. Crim. App. 2005). Alleged commitment questions posed to veniremembers during voir dire, however, are subject to a two-step analysis to determine their propriety: "(1) is the question a commitment question, and (2) did the question include facts—and only those facts—that lead to a valid challenge for cause?" *Standefer v. State*, 59 S.W.3d 177, 182 (Tex. Crim. App. 2001). As to the first step in the analysis, a commitment question is one that binds or commits a prospective juror to a verdict or asks a prospective juror to refrain from resolving an issue, based on a hypothetical set of facts. *See id*. at 179. Commitment questions are proper when the law *requires* jurors to make a certain type of commitment and their inability to do so would result in a challenge for cause. *See id*. at 181. For

2

example, a question that commits a juror or jurors to considering the full range of punishment for a particular offense is proper because jurors are legally obligated to do so already. *See id*. Commitment questions are improper and should be prohibited, however, when the law *does not require* the proposed commitment. *Id*. A commitment question as to whether a prospective juror considers a certain type of evidence to be mitigating, for example, is improper because the answer to such a question would not give rise to a challenge for cause. *See id*.

As to the second step in the commitment-question analysis, it is improper voir dire to seek to commit a prospective juror to the facts of the case at hand. *Atkins v. State*, 951 S.W.2d 787, 790 (Tex. Crim. App. 1997). Therefore, even if a question does give rise to a challenge for cause, "the question may nevertheless be improper if it includes facts *in addition* to those necessary to establish a challenge for cause." *Standefer*, 59 S.W.3d at 182. In *Standefer*, the commitment question posed asked jurors whether they would convict a person arrested while possessing a crack pipe containing a residual amount of cocaine in his pocket. *Id*. While "the state could have permissibly questioned the prospective jurors about their ability to follow a law that holds a person guilty of possession even though the possession involves only a residue amount of the drug in question," the question actually posed was improper because it directly tracked the facts of the case at hand and included facts beyond those necessary to assess whether a prospective juror could be challenged for cause. *Id*.

In the instant case, defense counsel posed the following question to an individual veniremember: "On a scale of one to seven, do you agree with the statement that I would not require the State to prove its case beyond a reasonable doubt?" The State objected to this as an improper

3

commitment question, and the court sustained the objection. While we recognize that this is a somewhat difficult question to decipher, we conclude that it is not a commitment question at all because it is not based on a hypothetical set of facts and does not require the veniremember to commit to a decision after learning a particular fact. Accordingly, it was an abuse of discretion for the trial court to sustain the State's objection on that basis. *See Hernandez v. State*, 390 S.W.3d 310, 315 (Tex. Crim. App. 2012), *cert. denied*, 134 S. Ct. 823 (2013) (appellate court reviews trial court's ruling limiting voir-dire questioning for abuse of discretion).

### *Harmless Error Analysis*

After concluding that the trial court abused its discretion in sustaining the State's objection, we must determine the nature of this error under Rule 44.2 of the Texas Rules of Appellate Procedure regarding reversible error in criminal cases. *Easley v. State*, 424 S.W.3d 535, 539 (Tex. Crim. App. 2014). Rule 44.2(a) applies to constitutional errors subject to harmless-error review and mandates that "the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." Tex. R. App. P. 44.2(a). Rule 44.2(b), on the other hand, applies to all other errors and mandates that an "error, defect, irregularity or variance that does not affect substantial rights must be disregarded." *Id*. 44.2(b). Therefore, before we can apply the relevant standard, we must determine whether the trial court's error in sustaining the State's objection rises to the level of a constitutional error requiring application of the stricter Rule 44.2(a) standard.

Appellant cites *Rodriguez-Flores v. State*, 351 S.W.3d 612, 624 (Tex. App.—Austin 2011, pet. ref'd), for the proposition that the trial court's denial of a defendant's right to ask a proper

question during voir dire is an error of constitutional magnitude and *Jones v. State*, 223 S.W.3d 379, 382 (Tex. Crim. App. 2007), for the proposition that the proper harm-analysis standard when defense counsel is denied the opportunity to ask a permissible question is Rule 44.2(a). The Texas Court of Criminal Appeals recently held, however, that erroneously limiting voir dire does not necessarily equate to a violation of the constitutional right to be heard. *See Easley*, 424 S.W.3d at 541 (overruling *Plair v. State,* 279 S.W. 267, 269 (Tex. Crim. App. 1925), to extent that it held that erroneously limiting voir dire is constitutional error because such limitation is *per se* violation of right to counsel). As *Plair*'s progeny, *Jones* is no longer good law regarding the proper harm-analysis standard. Similarly, to the extent that *Rodriguez-Flores* holds that denial of a proper voir dire question is a *per se* violation of the right to counsel, it is also no longer helpful in our analysis.

In *Easley*, the court of criminal appeals held that while there may be instances in which a judge's limitation on voir dire is "so substantial" as to rise to the level of a constitutional error, such instances are generally the exception rather than the rule. *See id*. The court affirmed the appellate court's application of the more lenient non-constitutional harm analysis under Rule 44.2(b) to the trial court's erroneous refusal to allow the defendant's counsel to compare the criminal burden of proof beyond a reasonable doubt to other burdens of proof during voir dire. *Id*. The court agreed with the appellate court's holding that the trial court's error did not rise to the level of a constitutional error because defense counsel was not "foreclosed from explaining the concept of beyond a reasonable doubt and exploring the veniremembers' understanding and beliefs of reasonable doubt by other methods." *Id*. The correct inquiry to determine whether the error was of a constitutional nature, therefore, was not whether defense counsel was prevented from exercising

5

his "preferred method" of questioning, but rather whether he was "*precluded from discussing and explaining* the beyond-a-reasonable-doubt standard." *See id*. at 542 (emphasis added).

As the court of criminal appeals noted in *Easley*, the court of appeals reviewed the record with special attention to defense counsel's voir dire questioning and determined that counsel was in fact able to discuss and explain the criminal standard of proof by individually asking veniremembers what their verdicts would be if they had "a single doubt based on reason." *Id*. All answered "Not guilty," indicating that defense counsel "was able to demonstrate and effectively make his point that criminal trials require a heightened burden of proof and the presumption of innocence." *Id*. The appellate court also properly took note of defense counsel's closing argument in which he reiterated his point regarding the reasonable doubt standard: "[T]he State's burden of proof beyond a reasonable doubt . . . [is] used for taking away a person's liberty . . . . Before you take away the liberty of my client, all doubt based on reason as to [the crime he's charged with] must be excluded . . . ." *Id*. Under Rule 44.2(b), a reviewing court "should consider everything in the record," including evidence and closing arguments. *Id.*

Appellant argues that under the instant circumstances the trial court's denial of his proposed voir-dire question resulted in a constitutional violation of his right to counsel because, had defense counsel been allowed to proceed with the question, he could have identified additional veniremembers to strike for cause, which would have resulted in a jury of less than twelve and therefore a mistrial. Appellant disregards, however, the fact that defense counsel was able to rephrase the question to an unobjectionable form from which he was able to generate a challenge for cause to a veniremember. Defense counsel asked the jury if there was anyone among them "that

6

could not follow beyond a reasonable doubt" as it had been explained to them.[1] Juror number 133 raised her hand, prompting defense counsel to ask why she "couldn't follow the law," to which she responded that she "wouldn't be able to listen to one session or one rule and make [her] judgment if [she] knew that there is a history." Juror number 133 was thereafter stricken for cause for her professed inability to follow the criminal standard of proof beyond a reasonable doubt. The record does not indicate that any other jurors were similarly unable to hold the State to the heightened criminal burden of proof beyond a reasonable doubt, as appellant contends.

The record also reflects that during closing arguments defense counsel reminded the jury of the importance of following the law regarding application of the criminal burden of proof by charging the jury with deciding "whether the State has proved their case beyond a reasonable doubt. Not whether it happened. Whether it was proved beyond a reasonable doubt." Therefore, although appellant's counsel was not able to proceed with his preferred method of voir dire, he was not precluded from discussing and explaining the beyond-a-reasonable-doubt standard of proof. Therefore, appellant was not substantially injured by the trial court's error in sustaining the State's objection. Because appellant's defense counsel was able to instruct on and explain to the jury the proof-beyond-a-reasonable-doubt standard, which the record suggests they comprehended, appellant was not denied the right to counsel in violation of Article 1, Section 10 of the Texas Constitution.

---

[1] During voir dire defense counsel undertook to explain the heightened burden of proof in criminal trials with a visual demonstration using cups to represent the differing standards —preponderance of the evidence, clear and convincing, and beyond a reasonable doubt.

## CONCLUSION

Having concluded that the trial court's denial of appellant's proposed voir-dire question was harmless non-constitutional error, we affirm the trial court's judgment.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   August 7, 2014

Do Not Publish